UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL FRANK MORENO, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES 1 to 50, inclusive,<br><br>         Defendants. | Case No.: 21-cv-1069-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendant United States of America. (ECF No. 9).

## I. PROCEDURAL BACKGROUND

  On June 8, 2021, Plaintiff Samuel Frank Moreno initiated this action by filing a Complaint against Defendant United States of America, alleging that an employee of Defendant operating a U.S. Postal Service mail-delivery truck "carelessly and negligently struck Plaintiff's person and bicycle . . . ." (ECF No. 1 ¶ 7). The Complaint brings a single claim for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, requesting monetary damages and costs.

On October 18, 2021, Defendant filed a Motion to Dismiss the Complaint for insufficient service of process. (ECF No. 5). On October 19, 2021, the parties filed a Joint Motion requesting permission to withdraw the Motion to Dismiss "without prejudice to Defendant's right to later file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12," and requesting that the Court set a deadline of January 14, 2022, for Defendant to respond to the Complaint. (ECF No. 7). On October 26, 2021, the Court issued an Order granting the Joint Motion. (ECF No. 8).

On January 13, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 9). On February 9, 2022, Plaintiff filed a Response in opposition to the motion. (ECF No. 11). On February 14, 2022, Defendant filed a Reply. (ECF No. 12).

## II.  JURISDICTIONAL ALLEGATIONS

"This action is brought pursuant to the Tort Claims Act, 28 U.S.C. § 2671 et seq." (ECF No. 1 ¶ 1). "On or about June 8, 2019 Plaintiff was lawfully operating his bicycle," when "Defendant['s] employee, operating a U.S. Postal Service mail-delivery truck, exited a driveway . . . without caution and in such an unsafe manner that it collided with Plaintiff's person and bicycle." (*Id.* ¶ 5).

> On January 26, 2021, Plaintiff submitted a claim based on the allegations herein to Defendant UNITED STATES OF AMERICA for administrative settlement. Defendant UNITED STATES OF AMERICA did not expressly deny the claim and six months have passed. Accordingly, Plaintiff has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims.

(*Id.* ¶ 8).

## III.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on the basis that the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has

subject matter jurisdiction over the action. *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000).

> A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted).

## IV. DISCUSSION

Defendant contends that the Court "must dismiss Plaintiff's [C]omplaint because [Plaintiff] did not comply with the FTCA's jurisdictional requirement that he exhaust his administrative remedies prior to filing suit. (ECF No. 9 at 4). Defendant contends that Plaintiff "cannot cure his legally infirm [C]omplaint by amendment because exhaustion must occur '*before* invocation of the judicial process.'" (*Id.* (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993))). Defendant contends that equitable tolling cannot excuse Plaintiff's failure to exhaust administrative remedies and that "even if the law did not prohibit the doctrine of equitable tolling in this instance, there are no 'extraordinary circumstances' that would warrant its application here." (ECF No. 12 at 3). Defendant further contends that the action should be dismissed with prejudice because any new action would be barred by the statute of limitations in the FTCA.

Plaintiff "requests [ ] leave to file an [a]mended [c]omplaint," or "[i]n the alternative . . ., a motion requesting leave to amend." (ECF No. 11 at 22-23). Plaintiff contends that the allegations in an amended complaint "would relate[] back to the date of the filing of the original complaint and be considered timely" because the Complaint put Defendant on notice as to Plaintiff's claim. (*Id.* at 18). Plaintiff contends that "the Court should equitably toll the statute of limitations to allow Plaintiff to re-file the [C]omplaint" despite "Plaintiff's error in filing the matter early," because Defendant engaged in "gamesmanship" by waiting until the statute of limitations had expired to raise its jurisdictional challenge. (*Id.* at 7, 18).

"The United States, as a sovereign, is immune from suit unless it has waived its immunity." *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Id.* The FTCA is a waiver of sovereign immunity that "grants subject matter jurisdiction to federal courts for claims that arise from certain tortious conduct by government employees." *Bramwell v. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003).

The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The Court of Appeals has "repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'" *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)). The exhaustion requirement is strictly enforced and is not subject to equitable tolling. *See Bowles v. Russell*, 551 U.S. 205, 214 (holding that courts have "no authority to create equitable exceptions to jurisdiction requirements").

The Complaint was filed on June 8, 2021. The Complaint alleges that "[o]n January 26, 2021, Plaintiff submitted a claim based on the allegations herein to Defendant UNITED STATES OF AMERICA for administrative settlement." (ECF No. 1 ¶ 8). The Complaint further alleges that Defendant had "not expressly den[ied] the claim" at the time the Complaint was filed. (*Id.*). While the Complaint states that the claim was timely filed because "six months have passed" (*id.*), this allegation is controverted by the facts alleged in the Complaint, which demonstrate that six months had not passed between the filing of

the administrative claim and the Complaint. Further, Plaintiff acknowledges that he "err[ed] in filing the matter early." (ECF No. 11 at 7). The Court concludes that this action is barred by the FTCA's exhaustion requirement.

Plaintiff requests that the Court permit Plaintiff to amend his Complaint rather than dismiss the action because the exhaustion requirement has now been satisfied. However, the FTCA "require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil*, 508 U.S. at 112. As a result, district courts in this circuit have held "that a federal tort claim must be both presented and denied before a plaintiff institutes suit by filing his initial complaint, and that an amended complaint will not be construed as 'instituting' an action within the meaning of § 2675." *Yearby v. Cal. Dep't of Corrs.*, No. 2:07-cv-02800 JAM KJN P, 2010 WL 2880180, at *7 (E.D. Cal. July 1, 2010), *adopted by* 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010) (collecting cases). Plaintiff's request to amend the Complaint is denied. The action is dismissed without prejudice.[1]

## IV.   CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 9) filed by Defendant United States of America is granted. The action is dismissed without prejudice. The Clerk of the Court shall close the case.

Dated: March 25, 2022

Hon. William Q. Hayes
United States District Court

---

[1] The Court does not address Plaintiff's arguments regarding relation back and equitable tolling of the statute of limitations because the Court lacks subject matter jurisdiction over the action.